# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**MAGNA MIRRORS OF AMERICA, INC.**
**a Michigan corporation,**

   **Plaintiff,**

     **vs.**

**SAMVARDHANA MOTHERSON REFLECTEC**
**GROUP HOLDINGS LIMITED,**
**SMR AUTOMOTIVE MIRROR PARTS AND**
**HOLDINGS UK LIMITED,**
**SMR MIRRORS UK LIMITED,**
**SMR AUTOMOTIVE MIRRORS UK LIMITED,**
**SMR AUTOMOTIVE VISION SYSTEM**
**OPERATIONS USA INC.,**
**SMR AUTOMOTIVE MIRROR INTERNATIONAL**
**USA INC.,**
**SMR AUTOMOTIVE SYSTEMS USA INC.,**
**SMR AUTOMOTIVE MIRROR SYSTEMS**
**HOLDING DEUTSCHLAND GMBH,**
**SMR AUTOMOTIVE MIRRORS STUTTGART**
**GMBH,**
**SMR AUTOMOTIVE VISION SYSTEMS MEXICO**
**S.A. DE C.V.,**
**SMR AUTOMOTIVE SERVICIOS MEXICO S.A.**
**DE C.V.**

   **Defendants.**

Civil Action No. _____

Honorable: _____

DEMAND FOR JURY TRIAL

J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
Sarah E. Waidelich (P80225)
Honigman Miller Schwartz and Cohn LLP
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
(734) 418-4200
mhuget@honigman.com
bswedlow@honigman.com
swaidelich@honigman.com
*Attorneys for Plaintiff Magna Mirrors of America, Inc.*

## COMPLAINT

Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, Plaintiff MAGNA MIRRORS OF AMERICA, INC. ("Magna Mirrors") hereby provides its Complaint against Defendants SAMVARDHANA MOTHERSON REFLECTEC GROUP HOLDINGS LIMITED, SMR AUTOMOTIVE MIRROR PARTS AND HOLDINGS UK LIMITED, SMR MIRRORS UK LIMITED, SMR AUTOMOTIVE MIRRORS UK LIMITED, SMR AUTOMOTIVE VISION SYSTEM OPERATIONS USA INC., SMR AUTOMOTIVE MIRROR INTERNATIONAL USA INC., SMR AUTOMOTIVE SYSTEMS USA INC., SMR AUTOMOTIVE MIRROR SYSTEMS HOLDING DEUTSCHLAND GMBH, SMR AUTOMOTIVE MIRRORS STUTTGART GMBH, SMR AUTOMOTIVE VISION SYSTEMS MEXICO S.A. DE C.V., AND SMR AUTOMOTIVE SERVICIOS MEXICO S.A. DE C.V., (collectively, "SMR" or "SMR Defendants" or "Defendants") for patent infringement.

## THE PARTIES

1.  Plaintiff Magna Mirrors is a corporation organized and existing under the laws of the State of Michigan, having a registered address of 601 Abbot Road, East Lansing, Michigan 48823.

2.  Historically, Magna Mirrors has also done business under the registered assumed names of "Donnelly Corporation" and "Magna Donnelly Corporation". In October 2002, a subsidiary of Magna International Inc. acquired all the outstanding shares of Donnelly Corporation. In 2003, Donnelly Corporation changed its name to Magna Donnelly Corporation. In 2008, Magna Donnelly Corporation changed its name to Magna Mirrors of America, Inc. For purposes of this Complaint, Magna Mirrors of America, Inc., Magna Donnelly Corporation and Donnelly Corporation will collectively be referred to as "Magna Mirrors".

3.     Magna Mirrors is a leading designer and manufacturer of exterior and interior mirror systems for the automotive industry, and has a place of business in this jurisdiction at 5085 Kraft Ave. S.E., Kentwood, Michigan 49512.

4.     Upon information and belief, Samvardhana Motherson Reflectec Group Holdings Limited ("SMR REFLECTEC"), also known or previously known as Samvardhana Motherson Visiocorp Solutions Limited, is a foreign corporation with its registered address in Jersey which has transacted business within the State of Michigan.  SMR REFLECTEC is a member of the Samvardhana Motherson Group (SMG) and conducts business as Samvardhana Motherson Reflectec and has a web-site at http://www.smr-automotive.com/. SMR REFLECTEC is part of Samvardhana Motherson Automotive Systems Group B.V. (SMRP BV) and is focused on developing, producing and distributing rear vision systems for the international automotive industry, with regional engineering, sales and project management centers in North America, Europe, Asia and Australia.  Upon information and belief, SMR REFLECTEC, at least prior to June 13, 2014, was jointly controlled by Motherson Sumi Systems Limited and Samvardhana Motherson International Limited.

5.     Based on information and belief, SMR REFLECTEC, on its own and through its subsidiaries and through companies under its control, uses, causes to be used, imports, causes to be imported, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District. Certain of the subsidiaries and companies under the control of SMR REFLECTEC include:

SMR Automotive Mirror Parts and Holdings UK Limited (held by SMR REFLECTEC) "SMR Holdings UK",

SMR Mirrors UK Limited (held by SMR Vision USA) "SMR Mirrors UK",

SMR Automotive Mirrors UK Limited (held by SMR Holdings UK) "SMR UK",

SMR Automotive Vision System Operations USA INC. (held by SMR Holdings UK) "SMR Vision USA",

SMR Automotive Mirror International USA Inc. (held by SMR Mirrors UK) "SMR International USA",

SMR Automotive Systems USA Inc. (held by SMR International USA) "SMR USA",

SMR Automotive Mirror Systems Holding Deutschland GmbH (held by SMR Holdings UK) "SMR Holding Deutschland",

SMR Automotive Mirrors Stuttgart GmbH (held by SMR Holding Deutschland) "SMR Germany",

SMR Automotive Vision Systems Mexico S.A. de C.V. (held by SMR Stuttgart) "SMR Mexico",

SMR Automotive Servicios Mexico S.A. de C.V. (held by SMR Mexico) "SMR Servicios Mexico".

6. Upon information and belief, SMR Automotive Systems USA Inc. ("SMR USA") is a corporation organized and existing under the laws of the State of Michigan, having a registered address of 1855 Busha Highway, Marysville, Michigan 48040. Based on information and belief, SMR USA operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR International USA as indicated in Paragraph 5. Based on information and belief, SMR USA manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District. Based on information and belief, SMR USA imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

7.      Upon information and belief, SMR Automotive Vision System Operations USA Inc. ("SMR Vision USA") is a corporation organized and existing under the laws of the State of Delaware, having a registered address of Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.   Based on information and belief, SMR Vision USA operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Holding UK as indicated in Paragraph 5.   Based on information and belief, SMR Vision USA manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.   Based on information and belief, SMR Vision USA imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

8.      Upon information and belief, SMR Automotive Mirror International USA Inc. ("SMR International USA") is a corporation organized and existing under the laws of the State of Delaware, having a registered address of Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.  Based on information and belief, SMR International USA operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Mirrors UK as indicated in Paragraph 5.  Based on information and belief, SMR International USA manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR International USA imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes

to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

9.      Upon information and belief, SMR Automotive Mirrors UK Limited ("SMR UK") is a foreign corporation with a place of business in Porchester, England.  Based on information and belief, SMR UK operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Holdings UK as indicated in Paragraph 5. Based on information and belief, SMR UK manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR UK imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

10.     Upon information and belief, SMR Mirrors UK Limited (held by SMR Vision USA) "SMR Mirrors UK" is a foreign corporation with a place of business in England.  Based on information and belief, SMR Mirrors UK operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Vision USA as indicated in Paragraph 5. Based on information and belief, SMR Mirrors UK manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR Mirrors UK imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes

supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

11.    Upon information and belief, SMR Automotive Mirror Parts and Holdings UK Limited ("SMR Holdings UK") is a foreign corporation with a place of business in England.  Based on information and belief, SMR Holdings UK operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held by SMR REFLECTEC as indicated in Paragraph 5. Based on information and belief, SMR Holdings UK manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR Holdings UK imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

12.    Upon information and belief, SMR Automotive Mirrors Stuttgart GmbH ("SMR GERMANY") is a foreign corporation with a place of business located in or at Stuttgart, Germany. Based on information and belief, SMR GERMANY operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Holding Deutschland as indicated in Paragraph 5. Based on information and belief, SMR GERMANY manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR GERMANY imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale,

causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

13.    Upon information and belief, SMR Automotive Mirror Systems Holding Deutschland GmbH ("SMR Holding Deutschland") is a foreign corporation with a place of business located in or at Stuttgart, Germany. Based on information and belief, SMR Holding Deutschland operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Holding UK as indicated in Paragraph 5. Based on information and belief, SMR Holding Deutschland manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR Holding Deutschland imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

14.    Upon information and belief, SMR Automotive Vision Systems Mexico S.A. de C.V. ("SMR MEXICO") is a foreign corporation with a place of business located in or at San Luis Potosi, Mexico. Based on information and belief, SMR MEXICO operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Stuttgart as indicated in Paragraph 5. Based on information and belief, SMR MEXICO manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR MEXICO imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes

to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

15. Upon information and belief, SMR Automotive Servicios Mexico S.A. de C.V. (held by SMR Mexico) ("SMR Servicios Mexico") is a foreign corporation with a place of business located in Mexico. Based on information and belief, SMR MEXICO operates as a subsidiary of, and is controlled by, SMR REFLECTEC, and is held and controlled by SMR Mexico as indicated in Paragraph 5. Based on information and belief, SMR Servicios Mexico manufactures infringing products and components, which it imports and/or causes to be imported into the United States, including within this Judicial District.  Based on information and belief, SMR Servicios Mexico imports, causes to be imported, uses, causes to be used, manufactures, causes to be manufactured, sells, causes to sell, offers for sale, causes to be offered for sale, causes supply of, and/or supplies infringing products and components in and into the United States, including within this Judicial District.

16. SMR REFLECTEC, SMR USA, SMR VISION USA, SMR INTERNATIONAL USA, SMR UK, SMR MIRRORS UK, SMR HOLDING UK, SMR GERMANY, SMR HOLDING DEUTSCHLAND,  SMR MEXICO, SMR SERVICIOS MEXICO, and other SMR REFLECTEC subsidiaries upon information and belief, work collectively to develop, manufacture, market and/or sell rear vision systems for the international automotive industry.

17. The Defendants SMR REFLECTEC, SMR USA, SMR VISION USA, SMR INTERNATIONAL USA, SMR UK, SMR MIRRORS UK, SMR HOLDING UK, SMR GERMANY, SMR HOLDING DEUTSCHLAND,  SMR MEXICO, SMR SERVICIOS

MEXICO, and other SMR REFLECTEC subsidiaries shall hereinafter be referred to collectively as "SMR" or "the SMR Defendants" or "Defendants".

18. The SMR Defendants, upon information and belief, do business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, including the commission of acts of infringement as hereinafter stated.

19. Upon information and belief, the SMR Defendants collaborate to design, engineer, make, use, cause to be used, sell, offer to sell, validate, distribute, supply, cause to be supplied, cause to be imported, and/or import automotive exterior rearview mirror systems, and assemblies and components thereof, for all types of vehicles in and into the United States, including within this Judicial District, including automotive exterior rearview mirror systems, assemblies and components that infringe Magna Mirrors' intellectual property rights.

## JURISDICTION AND VENUE

20. This action arises under the patent laws of the United States, Title 35, Sections 101 and 271, of the United States Code.

21. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. Upon information and belief, this Court has personal jurisdiction over the Defendants because they regularly and continuously engage in substantial business transactions in the Western District of Michigan, and have used and/or have caused use of infringing products and/or have committed infringing acts in this Judicial District. Further, they have placed infringing products into the stream of commerce knowing and intending that this Judicial

District was and is a likely destination of those products. This Court has personal jurisdiction over the Defendants because they have caused injury to Plaintiff in this Judicial District. Further, based upon information and belief, Defendants have substantial contacts with this forum as a result of pervasive business activities conducted within the State of Michigan and within this Judicial District, including but not limited to selling, offering for sale, use, causing use, and/or procurement of infringing automotive exterior rearview mirror systems, and assemblies and components thereof.

23. Upon information and belief, this Court also has personal jurisdiction over SMR USA by virtue of it being incorporated or organized in Michigan and doing business in the State of Michigan.

24. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND ALLEGATIONS

25. Magna Mirrors has numerous patents in the United States relating to automotive exterior rearview mirror systems (and assemblies and components thereof) incorporating auxiliary curved mirror reflective elements that increase the rearward field of view of a driver of an equipped vehicle and that minimize and/or reduce the driver's blind spot.

### Patents-in-Suit

26. On May 3, 2011, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 7,934,843 (the "'843 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `843 patent is attached as Exhibit A and is made a part of this Complaint.

27. On March 6, 2012, the PTO duly and legally issued United States Patent No. 8,128,243 (the "'243 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `243 patent is attached as Exhibit B and is made a part of this Complaint.

28. On March 6, 2012, the PTO duly and legally issued United States Patent No. 8,128,244 (the "'244 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `244 patent is attached as Exhibit C and is made a part of this Complaint.

29. On April 3, 2012, the PTO duly and legally issued United States Patent No. 8,147,077 (the "'077 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `077 patent is attached as Exhibit D and is made a part of this Complaint.

30. On September 18, 2012, the PTO duly and legally issued United States Patent No. 8,267,534 (the "'534 patent"), entitled "Exterior Rearview Mirror Assembly." A true and correct copy of the `534 patent is attached as Exhibit E and is made a part of this Complaint.

31. On October 8, 2013, the PTO duly and legally issued United States Patent No. 8,550,642 (the "'642 patent"), entitled "Exterior Rearview Mirror Assembly." A true and correct copy of the `642 patent is attached as Exhibit F and is made a part of this Complaint.

32. On November 26, 2013, the PTO duly and legally issued United States Patent No. 8,591,047 (the "'047 patent"), entitled "Exterior Sideview Mirror Assembly." A true and correct copy of the `047 patent is attached as Exhibit G and is made a part of this Complaint.

33. On July 22, 2014, the PTO duly and legally issued United States Patent No. 8,783,882 (the "'882 patent"), entitled "Extended Field of View Exterior Mirror Element for Vehicle." A true and correct copy of the `882 patent is attached as Exhibit H and is made a part of this Complaint.

34. On December 2, 2014, the PTO duly and legally issued United States Patent No. 8,899,762 (the "'762 patent"), entitled "Vehicular Exterior Sideview Mirror System with Extended Field of View." A true and correct copy of the `762 patent is attached as Exhibit I and is made a part of this Complaint.

35. The United States Patents identified in Paragraphs 26 through 34 above are collectively referred to herein as the "Patents-in-Suit".

36. The Patents-in-Suit are directed, *inter alia*, to automotive exterior rearview mirror systems incorporating auxiliary curved mirror reflective elements (and assemblies and components thereof).

37. Magna Mirrors was the assignee of all right, title, and interest in the Patents-in-Suit throughout the period of the Defendants' infringement and is currently the assignee of all right, title, and interest in the Patents-in-Suit, including the right to bring and maintain this action with respect to the Patents-in-Suit.

### SMR's Infringing Activity

38. Magna Mirrors owns all rights, title and interest in the Patents-in-Suit.

39. Based upon information and belief, the SMR Defendants design, engineer, make, validate, use, cause to be used, sell, offer to sell, cause to be imported, and/or import in and into the United States automotive exterior rearview mirror systems incorporating auxiliary curved mirror reflective elements, and assemblies and components thereof, (including but not limited to the mirror reflective element in Fig. 1 below) that embody one or more claims of each of the Patents-in-Suit ("Accused Products"), and SMR will continue to do so unless enjoined by this Court.





Fig. 1

40.   Defendants are manufacturers, distributors and marketers of automotive components, including automotive exterior rearview mirror systems, and assemblies and components thereof, for all types of vehicles, including but not limited to the mirror reflective element shown in Fig. 1.

41.   Based upon information and belief, SMR is making, using, causing to be used, selling, offering to sell, distributing, supplying, causing supply of, causing to be imported, and/or importing Accused Products at least for or to the Ford Motor Company, Fiat Automobiles S.p.A. and Hyundai Motor Company.

42.    The SMR defendants are part of a sophisticated family of companies that is aware of the intellectual property rights of others in the relevant automotive industry. Upon information and belief, SMR regularly conducts searches for patents related to its products. Also based upon information and belief, and as reflected on the USPTO website http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=%2Fnetahtml%2FPTO%2Fsearch-adv.htm&r=0&f=S&l=50&d=PTXT&p=2&S1=((smr.ASNM.+NOT+corporation.ASNM.)+NOT+inc.ASNM.)&Page=Next&OS=an/smr+andnot+an/corporation+andnot+an/inc&RS=((AN/smr+ANDNOT+AN/corporation)+ANDNOT+AN/inc), SMR has secured its own patents related to mirror assemblies for vehicles and is, therefore, knowledgeable and well aware of the patent landscape among its competitors. Thus, a reasonable inference is that SMR is aware of the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

43.    Magna Mirrors prominently marks its automotive exterior mirror assemblies incorporating auxiliary curved mirror reflective elements with Patents-in-Suit, including the `843 patent, the `243 patent, `244 patent, the `077 patent, the `534 patent, the `047 patent, the `882 patent, and the `762 patent. Thus, Magna Mirrors hereby asserts that there is a reasonable inference that SMR has had knowledge of one or more of the Patents-in-Suit prior to the filing of this Complaint. Magna Mirrors asserts that this reasonable inference is true.

44.    At least as early as February 15, 2012, SMR has had knowledge of Patents-in-Suit and its infringement thereof. Magna Mirrors has had meetings with, and transmitted email communications to SMR's Chief Operating Officer and to SMR's Technical Director Intellectual Property, Global Intellectual Property, identifying the Patents-in-Suit and

detailing SMR's infringement of the Patents-in-Suit. Thus, SMR has had actual knowledge of the Patents-in-Suit, and of SMR's infringement thereof, prior to the filing of this Complaint.

45.     Therefore, SMR has had knowledge of the Patents-in-Suit, and of SMR's infringement of the Patents-in-Suit, for years.

## COUNT I

## DIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT
## (VIOLATION OF 35 U.S.C. §§ 101 AND 271)

46.     Magna Mirrors repeats and re-alleges the allegations contained in Paragraphs 1- 45 above as if fully set forth herein.

47.     SMR has, upon information and belief, made, used, offered for sale, and sold in the United States, and continues to make, use, cause to be used, offer for sale, import, cause to be imported, and/or sell in and into the United States Accused Products that have never been licensed by Magna Mirrors to any SMR entity. By making, using, causing to be used, offering for sale, causing to be imported, importing and/or selling the Accused Products in and into the United States, SMR is infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a).

48.     The manufacture, use, causing to be used, sale, offer for sale, causing to be imported, and/or importation of SMR's Accused Products directly infringes at least one claim of each of the Patents-in-Suit. Plaintiff has suffered damages as a result of the infringing activities of SMR, and will continue to suffer such damages as long as those infringing activities continue.

49.   On information and belief, the vehicles for which SMR supplies Accused Products include, but are not limited to, Ford Fusion vehicles, Fiat 500 vehicles and Hyundai Sante Fe, Sonata and Elantra vehicles.

50.   With knowledge of the Patents-in-Suit, SMR continues to infringe claims of the Patents-in-Suit under 35 U.S.C. § 271(a).

51.   Alternatively, if SMR asserts that it had no knowledge of the Patents-in-Suit prior to the filing of this Complaint, SMR was willfully blind to a competitor's patent rights.

52.   It is reasonable to infer at least based on the facts set forth in Paragraphs 42-45 above, and because of SMR's knowledge of its infringement since at least September 2012, that SMR's conduct has been willful, wanton and deliberate. It is also reasonable to infer that SMR's actions have been objectively reckless based on the facts set forth in Paragraphs 42-45 above. The actions of SMR with regard to infringement of the Patents-in-Suit are willful such that Magna Mirrors is entitled to treble damages under 35 U.S.C. § 284. Despite any statement to the contrary, and upon information and belief, SMR will continue to infringe the Patents-in-Suit unless enjoined by the Court.

53.   Upon information and belief, SMR's infringement has resulted in damage to Magna Mirrors and will continue to do so unless enjoined by this Court.

54.   Magna Mirrors has no adequate remedy at law. Unless enjoined by this Court, SMR will continue such acts of infringement, causing Magna Mirrors to incur substantial and irreparable damage.

## COUNT II

## INDIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT
## (VIOLATION OF 35 U.S.C. §§ 101 AND 271)

55.     Magna Mirrors repeats and re-alleges the allegations contained in Paragraphs 1- 54 above as if fully set forth herein.

56.     Claims of the Patents-in-Suit are directed to automotive exterior rearview mirror systems with auxiliary curved mirror reflective elements, and assemblies and components thereof. In order for these assemblies to provide the intended function, they are installed on a vehicle. SMR's Accused Products are, therefore, intended to be installed on or attached to vehicles; otherwise, the Accused Products are useless without infringing the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

57.     On its website http://smr-automotive.com/exterior-mirrors.html, SMR states it is a global corporation with world class engineering capabilities, state-of-the-art manufacturing facilities and a global customer base that includes all major car makers in North America, Europe, Asia and Australia and with an annual production volume of 40 million exterior mirrors for almost all large vehicle manufacturers.  SMR states that it is a global leader with significant market shares in Europe, North America, Asia and Australia.

58.     The reasonable inference drawn from the facts set forth above is that SMR's Accused Products are a material part of the systems, assemblies and/or components claimed in the Patents-in-Suit and that they are  not a staple item of commerce. SMR's Accused Products have no use without infringing the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

59.     SMR knowingly and actively induces others to infringe, and/or SMR contributorily infringes claims of the Patents-in-Suit under 35 U.S.C. § 271(b) and/or § 271(c).

60. Based upon information and belief, SMR induces infringement by designing products to have infringing capability, by providing customers with the means to infringe, by instructing them how to infringe, and by providing support services to its customers regarding installation, validation and maintenance of the Accused Products. SMR does so with knowledge of the Patents-in-Suit, knowledge that its instructions and support services cause its customers to infringe the Patents-in-Suit, and with the specific intent to cause infringement.  As a non-limiting example, upon information and belief, Ford Motor Company, Fiat Automobiles S.p.A. and Hyundai Motor Company are customers of SMR for the Accused Products.

61. By their use of the Accused Products, SMR's customers and end users directly infringe claims of the Patents-in-Suit under 35 U.S.C. § 271(a). As stated above, upon information and belief, at least Hyundai Motor Company, Fiat Automobiles S.p.A. and Ford Motor Company are customers of SMR for the Accused Products.

62. Based on the facts alleged above, it is a reasonable inference that SMR knew that its Accused Products were especially made or adapted for use to infringe the Patents-in-Suit.

63. It is reasonable to infer based on the facts set forth above in Paragraphs 42-45 that SMR knowingly and affirmatively intends to actively induce and contribute to the infringement of the Patents-in-Suit under 35 U.S.C. § 271(b) and/or § 271(c). Magna Mirrors asserts that this reasonable inference is true.

64. With knowledge of the Patents-in-Suit and knowledge that the acts it induces constitute patent infringement, SMR continues to induce infringement of the Patents-in-Suit.

65. It is reasonable to infer based on the facts set forth in Paragraphs 42-45 above, and because of SMR's knowledge of its infringement since at least September 2012, that SMR's

conduct has been willful, wanton and deliberate. It is also reasonable to infer that SMR's actions have been objectively reckless based on the facts set forth in Paragraphs 42-45 above. The actions of SMR with regard to infringement of the Patents-in-Suit are willful such that Magna Mirrors is entitled to treble damages under 35 U.S.C. § 284.

66.    Despite any statement to the contrary, and upon information and belief, SMR will continue to infringe the Patents-in-Suit unless enjoined by the Court.

67.    Upon information and belief, SMR's infringement has resulted in damage to Magna Mirrors and will continue to do so unless enjoined by this Court.

68.    Magna Mirrors has no adequate remedy at law. Unless enjoined by this Court, SMR will continue such acts of infringement, causing Magna Mirrors to incur substantial and irreparable damage.


**RELIEF REQUESTED**

WHEREFORE, Plaintiff Magna Mirrors respectfully requests that this Court enter a judgment and order that:

A.    SMR has infringed one or more of the Patents-in-Suit;

B.    SMR's infringement of the Patents-in-Suit has been willful and deliberate;

C.    SMR and its officers, agents, representatives, employees and all others in concert or participation with them, directly or indirectly, be enjoined preliminarily and permanently from infringing, inducing others to infringe and contributing to the infringement of the Patents-in-Suit;

D.      Plaintiff Magna Mirrors be awarded damages adequate to compensate for SMR's infringement of the Patents-in-Suit together with pre-judgment interest pursuant to 35 U.S.C. § 284;

E.      Plaintiff Magna Mirrors be awarded treble damages, costs and reasonable attorneys' fees and expenses in this action in accordance with 35 U.S.C, §§ 284 and 285; and

F.      Plaintiff Magna Mirrors be awarded such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff Magna Mirrors hereby requests a trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
By: __/s/ J. Michael Huget_____
    J. Michael Huget (P39150)
    Deborah J. Swedlow (P67844)
    Sarah E. Waidelich (P80225)
Honigman Miller Schwartz and Cohn LLP
315 East Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
(734) 418-4200
mhuget@honigman.com
bswedlow@honigman.com
swaidelich@honigman.com

*Attorneys for Plaintiff Magna Mirrors of America, Inc.*

Dated: January 23, 2017